**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| BRENDA CLEVELAND, | * | |
| BEVERLY CLEVELAND | * | |
| | * | COMPLAINT |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | JURY TRIAL DEMANDED |
| ANN DOE, | * | |
| CONSUMER PORTFOLIO | * | |
| SERVICES, INC. d/b/a CPS, Inc. | * | |
| | * | |
| Defendants | * | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here

**PARTIES**

4.      Plaintiff Brenda Cleveland ("Plaintiff Brenda") is a natural person who resides in the City of Gaithersburg, Montgomery County, State of Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.      Plaintiff Beverly Cleveland ("Plaintiff Beverly") is Plaintiff Brenda Cleveland's mother. She resides in the City of Gaithersburg, Montgomery County, State of Maryland, and is a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6.      Defendant Consumer Portfolio Services, Inc. d/b/a CPS, Inc. (hereinafter "Defendant CPS") is a collection agency whose principal place of business is located at 16355 Laguna Canyon Road, Irvine, CA 92618, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Ann Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant CPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      At some time in 2007, Plaintiff Brenda incurred financial obligation that were primarily for personal, family or household purposes and is therefore are "debts" as that term is defined by 15 U.S.C. § 1692a(5); namely, an automobile loan from ACS.

9.      By virtue of these debts, Plaintiff Brenda is a consumer as defined by 15 U.S.C. § 1692a(3);

10.      Sometime in 2008, the debt was sold, consigned, placed or otherwise transferred to Defendant CPS for collection from Plaintiff Brenda.

### *Calls to Plaintiff Brenda*

11.      In or around September 2010, Plaintiff became unemployed and began receiving unemployment benefits.

12.      As a result, Plaintiff Brenda's income fell from approximately $1600.00 a month to $1200.00 a month; a decrease of about 25 percent.

13.      Plaintiff had been previously diagnosed with a bipolar disorder

14.      This preexisting medical condition is exacerbated anytime there is a traumatic event such as her loss of employment.

15.      Due to this loss of income, Plaintiff Brenda fell behind on her car payments.

14.      At this time, Defendant Doe, on behalf of her employer Defendant CPS, began calling Plaintiff multiple times a day.

15.      On these calls, Plaintiff Brenda would repeatedly explain that she had just lost her job.

16.      Plaintiff Brenda would also explain that she was having medical issues that were exacerbating the situation.

17.      In response, Defendant Doe would tell Plaintiff Brenda that none of that mattered to her, and that she needed to come up with the money.

18.      Plaintiff Brenda told Defendant Doe that she would need some more time to pay, and that the frequency of the calls was not going to change the fact that she didn't have the money.

19.     Plaintiff Brenda met with counsel on or about June 30, 2011 to address these calls. Counsel was formally retained at this meeting.

20.     Some time thereafter, Plaintiff Brenda informed Defendant Doe that she was represented by counsel and that Defendant could only talk to him from then on.

21.     At some point afterwards, Defendant called Plaintiff's counsel regarding Plaintiff Brenda's impending bankruptcy.

22.     Plaintiff's counsel informed Defendant that Plaintiff Brenda had not yet filed bankruptcy, but that he had been retained to represent her.

21.     On or about July 19, 2011, Defendant Doe called Plaintiff Brenda and told her that she had not retained undersigned counsel and that the latter had withdrawn his representation.

22.     Utterly confused, Plaintiff Brenda told Defendant Doe that she would need to check with her alleged former counsel and get back to her.

23.     Subsequently, on or about July 20, 2011, Plaintiff Brenda anxiously called counsel and recounted what she had been told by Defendant Doe.

24.     Plaintiff's counsel was similarly perplexed and after calming Plaintiff Brenda down, explained that he had not dropped her as a client.

25.     Afterwards, Defendant Doe continued to contact Plaintiff Brenda and harass her for a payment.

26.     Plaintiff Brenda would repeatedly tell Defendant Doe that all questions, comments, and concerns needed to be directed to her legal counsel.

27.     On or about July 26, 2011, Defendant called Plaintiff's counsel to again verify that he had been retained by Plaintiff.

28.     Plaintiff's counsel again told Defendant that he had been retained by Plaintiff.

29.     Even after this, Defendant did not cease calling Plaintiff Brenda.

*Calls to Plaintiff Beverly*

30.     In or around September 2010, Plaintiff Beverly contacted Defendant CPS in order to halt its harassment of her daughter.

31.     Plaintiff Beverly arranged to make some payments on Plaintiff Brenda's behalf.

32.     Plaintiff Beverly was/is undergoing treatments for cancer so she was not planning on assuming the debt.

33.     When Plaintiff Beverly stopped making payments, Defendant Doe began harassing her at home and at her place of employment.

34.     Plaintiff Beverly stated that it was not her debt and that she was just temporarily helping out her daughter, Plaintiff Brenda.

35.     Even after this, Defendant did not cease calling Plaintiff Beverly and continued to contact her in an illegal manner.

36.     All of the above-described collection communications made to Plaintiffs by Defendant Doe were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3), 1692b(6), 1692c(a)(2), 1692c(b), 1692d, 1692d(2), 1692e, 1692e(10),  and 1692f, amongst others.

## LEGAL APPLICATION

37.     All of the above-described collection communications made to Plaintiffs by each individual Defendant and other collection employees employed by Defendant CPS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

38.     The above-detailed pattern of conduct by these Defendants of harassing Plaintiffs Brenda and Beverly in an effort to collect on Plaintiff Brenda's debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

39.     Due to these series of abusive collection calls by Defendant Doe and her employer, Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

40.     Defendants' illegal and abusive communications, as more fully described above, were the direct and proximate cause of severe emotional distress on the part of the Plaintiffs. These actions caused unnecessary personal strain in the relationship between mother and daughter.

### *Respondeat Superior Liability*

41.     The acts and omissions of Defendant Doe who communicated with the Plaintiffs as more further described herein, were committed within the time and space limits of the former's agency relationship with her principal, Defendant CPS.

42.     The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CPS in collecting consumer debts.

43.     By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit her principal, Defendant CPS.

44.     Defendant CPS is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiffs.

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

45.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

47.     As a result of each Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiffs pray that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiffs;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiffs;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

48.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

49.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

*15 U.S.C. § 1692(a) (emphasis added).*

50.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress **that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

*15 U.S.C. § 6801(a) (emphasis added).*

51.     Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt after Plaintiff informed them she was represented by counsel.

52.     Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

53.     Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, private concerns or affairs, and private financial information.

54.     The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

55.     As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

a)   For an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

b)   For an award of reasonable attorney's fees and costs; and

c)   For such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

56.     Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 4th day of August, 2011

BRENDA CLEVELAND

BEVERLY CLEVELAND

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com